IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A. MICHAEL MENDOZA,

                Petitioner,            No. CIV S-06-1269 DFL DAD P

      vs.

THE ATTORNEY GENERAL
OF THE STATE OF CALIFORNIA,       <u>ORDER AND</u>

               Respondent.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

         Petitioner, a state prisoner proceeding pro se, has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis.

         Petitioner's in forma pauperis application is incomplete because the certificate section of the form has not been completed by a prison official. <u>See</u> Rule 3(a), Rules Governing § 2254 Cases (an application to proceed in forma pauperis must include "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). Petitioner's application to proceed with this action in forma pauperis will be denied without prejudice.

         Under the rules that govern habeas corpus petitions filed by state prisoners in federal court, the district court is required to examine a habeas corpus petition before requiring a response to it. <u>See</u> Rules 3(b) and 4, Rules Governing § 2254 Cases. "If it plainly appears from

1 the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

2 the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules

3 Governing § 2254 Cases.

4           In the present case, petitioner has named as respondent the Attorney General of

5 the State of California.  "A petitioner for habeas corpus relief must name the state officer having

6 custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21

7 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing § 2254 Cases).  Because

8 petitioner is confined at Solano State Prison, the proper respondent is the warden of Solano State

9 Prison.  A petition that does not name the proper respondent must be dismissed.  21 F.3d at 360.

10           Petitioner in this case alleges that on August 23, 2005, a judgment of conviction

11 was entered against him in the Sacramento County Superior Court on counts involving arson and

12 graffiti.  Petitioner indicates that he entered a plea of nolo contendere and was sentenced to six

13 years in state prison.  Petitioner alleges that he did not appeal from the judgment or file any state

14 habeas petitions because counsel was ineffective.  Petitioner alleges the following claim:

15         Ground one:  The Manufacturing of False Documents by California
        Department of Corrections and Rehabilitation

16

17         Supporting FACTS (state *briefly* without citing cases or law):
        Issued a Certificate of Discharge from California Department of
        Corrections for Mendoza, Michael - V92742 - 10/09/2005 – actual

18         release date 4-26-06  Loss of 199 days at 110.00 dollars a day for
        false imprisonment

19

20 (Pet. at page numbered (5).)

21           Petitioner's allegations are confusing.  He appears to be claiming that he should

22 have been released on October 9, 2005, after being sentenced to a six-year term of imprisonment

23 on August 23, 2005.  He also appears to be alleging that he was released on April 26, 2006,

24 despite the fact that his petition dated May 5, 2006, alleges confinement in Solano State Prison.

25 If petitioner's claim of false imprisonment does not arise out of his 2005 conviction, the petition

26 should be dismissed for failure to allege facts concerning the relevant conviction and for failure

1    to allege facts showing that, on the date on which petitioner mailed his federal habeas petition to

2    this court, he was in custody pursuant to the conviction at issue.[1]  See 28 U.S.C. § 2254(b)(1).  In

3    addition, the petition should be dismissed because damages will not be available until petitioner

4    has proved that his confinement between October 9, 2005, and April 26, 2006, was illegal.  See

5    Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

6             Finally, if petitioner is challenging the fact or length of his confinement pursuant

7    to a judgment for which he was in custody on May 5, 2006, the petition must be dismissed as

8    unexhausted.  Exhaustion of state court remedies is a prerequisite to the granting of a petition for

9    writ of habeas corpus.  28 U.S.C. § 2254(b)(1)(A).  "A State shall not be deemed to have waived

10   the exhaustion requirement or be estopped from reliance upon the requirement unless the State,

11   through counsel, expressly waives the requirement."  28 U.S.C. § 2254(b)(3).  Federal courts

12   cannot infer a waiver of exhaustion.  A petitioner satisfies the exhaustion requirement by fairly

13   presenting all federal claims to the highest state court before presenting them to the federal court.

14   See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

15   Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th

16   Cir. 1986).  In the present case, petitioner affirmatively alleges that he has not presented his

17   claim to the California Supreme Court.  This action should be dismissed without prejudice due to

18   petitioner's failure to exhaust available state court remedies on his claim before presenting it to

19   the federal court.

20             Petitioner is cautioned that a one-year statute of limitations applies to the filing of

21   non-capital habeas corpus petitions in federal court.  In most cases, the one-year period of

22   limitation begins to run on the date on which a petitioner's state court judgment becomes final by

23   the conclusion of direct review or by the expiration of the time for seeking direct review.  The

24   _____

25       [1]  If petitioner was not "in custody" on May 5, 2006 pursuant to the conviction relevant to
     his claim, i.e., if he was no longer incarcerated pursuant to that conviction and will not be on
     parole for that conviction in the future, then his habeas petition must be dismissed because no
26   habeas remedy is available.  See 28 U.S.C. § 2254(b)(1).

1  statute of limitations may be tolled while a properly filed application for state post-conviction or

2  other collateral review is pending.  See 28 U.S.C. § 2244(d).

3          IT IS ORDERED that:

4          1.  Petitioner's June 9, 2006 application to proceed in forma pauperis is denied

5  without prejudice;

6          2.  The Clerk of the Court shall serve a copy of these findings and

7  recommendations together with a copy of the petition filed in this case upon the Attorney

8  General of the State of California; and

9          IT IS RECOMMENDED that petitioner's habeas petition be dismissed without

10  prejudice for failure to exhaust available state court remedies.

11          These findings and recommendations will be submitted to the United States

12  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

13  twenty days after being served with these findings and recommendations, petitioner may file

14  written objections with the court.  A document containing objections should be titled "Objections

15  to Findings and Recommendations."  Failure to file objections within the specified time may,

16  under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v.

17  Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: August 21, 2006.

19

20  _____

21  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

22  DAD:13
    mend1269.103

23

24

25

26

                                            4